IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARY R. CROOK | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-09-CV-0162-L |
| TEXAS INSTRUMENT | § § § | |
| Defendant. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is at least the second lawsuit brought by Mary R. Crook against her former employer, Texas Instruments, Inc. ("TI"), alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* On January 26, 2009, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were then sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on February 5, 2009. The court now determines that this case is barred by res judicata and should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff was employed by TI for more than 20 years before she was terminated in 1987. At the time of her termination, plaintiff was 55 years old. In 1988, plaintiff sued TI in Dallas federal court for age discrimination. That case was dismissed on summary judgment. *See Crook v. Texas Instruments, Inc.*, No. 3-88-CV-2729-R (N.D. Tex. Apr. 6, 1992).[1] Now, more than 16 years after the dismissal of her prior lawsuit and more than 21 years after her termination, plaintiff once again sues TI for age discrimination.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim on which relief may be granted; or

    (3)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Nevertheless, dismissal is proper "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384,

---

[1] In 1997, plaintiff filed a second lawsuit against TI that was summarily dismissed as frivolous. *Crook v. Texas Instruments, Inc.*, No. 3-97-CV-2815-G (N.D. Tex. Dec. 3, 1997). The court is unable to determine from the docket the nature of the claims asserted by plaintiff in that lawsuit.

1386 (5th Cir. 1991), *quoting Baton Rouge Building & Construction Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). When a successful affirmative defense appears on the face of the pleadings, dismissal for failure to state a claim also is appropriate. *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also Mowbray v. Cameron Co.*, 274 F.3d 269, 281 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1912 (2002), *citing Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (permitting district court to raise issue of res judicata *sua sponte* in the interest of judicial economy where both the prior action and current case were brought in courts of the same district).

B.

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they

> form a convenient trial unit, and whether their treatment as a unit
> conforms to the parties' expectations or business understanding or
> usage. If a party can only win the suit by convincing the court that the
> prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

All four requirements of res judicata are met here. This is at least the second lawsuit filed by plaintiff against TI alleging that her termination was the result of age discrimination. The first case was dismissed on the merits by a final judgment rendered by a court of competent jurisdiction. It is clear from plaintiff's complaint and interrogatory answers that she intends to raise the same claims in the instant action. Consequently, this case is barred by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] Even if this case was not barred by res judicata, plaintiff's claims, which accrued more than 21 years ago, are clearly time-barred. *See* 29 U.S.C. § 626(d) (plaintiff seeking relief under ADEA must file charge of discrimination with EEOC within 180 days after the alleged unlawful employment practice occurred or, if the plaintiff initially instituted proceedings with a State or local agency, within 300 days after the alleged unlawful employment practice occurred or 30 days after receiving notice that the State or local agency has terminated the proceedings, whichever is earlier); *Id.* § 626(e) (ADEA plaintiff must file suit in federal court within 90 days after being notified of her right to sue by EEOC).

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 10, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE